**Narinderjit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 03–71608, 04–76397, Agency No. A73–419–6, Agency No. A73–41967.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2006.

Decided Feb. 6, 2006.

Vinay R. Chari, Esq., Law Offices of Virender Kumar Goswami, Jagdip Singh Sekhon, Esq., Sekhon & Sekhon, PLC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew M. Eschen, Esq., Ernesto H. Molina, Jr., Esq., Genevieve Holm, Esq., Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Jeffrey S. Dillen, Esq., U.S. Department of Justice National Resources Section, Washington, DC, for Respondent.

Before: NOONAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Petitioner Narinderjit Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his application for asylum and withholding of removal.[1] The relevant issues raised by Singh's appeal are issues of law, and we therefore review the BIA's decision on these issues *de novo*. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir.2005).

■ Singh alleges that he fled India in 1989 after he was arrested, interrogated, and severely beaten by Indian security forces, apparently as a result of his membership in a Sikh activist group and his decision to give food to suspected Sikh militants. After fleeing India, Singh passed through Austria and Switzerland, ultimately arriving in the United States in July 1991. Singh filed an application for asylum in 1995, after which he was placed in deportation proceedings. The IJ ultimately found Singh to be an incredible witness and denied relief on that ground. The BIA expressed doubts about the IJ's credibility finding, but held that, in any event, changes in conditions in the Punjab sufficed to "overcome the presumption that [Singh] will more likely than not suffer persecution in India." On appeal, Singh challenges this ruling. Although Singh did not raise the issue of changed country conditions in his Notice of Appeal to the BIA, this issue has been exhausted, and we have jurisdiction to consider it on appeal, because the BIA explicitly addressed it in its decision. *Sagermark v. I.N.S.*, 767 F.2d 645, 648 (9th Cir.1985).

■ Singh's principal argument is that, although he applied for relief in the form of both asylum and withholding of removal, the BIA never analyzed the issue of changed country conditions under the legal standard applicable to his asylum claims. We agree. The BIA assumed for the purposes of its decision that Singh had testified credibly and had demonstrated past persecution—an assumption that would render Singh presumptively eligible for both asylum and withholding of removal. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i). The BIA, citing 8 C.F.R. § 1208.16, then held that the government had introduced

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the BIA issued its own opinion, rather than adopting the opinion of the Immigration Judge (IJ), we review the BIA's opinion and not that of the IJ. *Salazar–Paucar v. I.N.S.*, 281 F.3d 1069, 1073 (9th Cir.2002).

evidence of changed conditions in India "sufficient to overcome the presumption that the respondent will more likely than not suffer future persecution." This statement provides the correct standard for assessing changed country conditions in the context of Singh's withholding claim.

Singh's asylum claim, however, is governed by a different standard. In asylum cases, the government must show that country conditions have changed to such an extent that the applicant no longer has a "well-founded fear" of persecution if returned to his native country. 8 C.F.R. § 1208.13(b)(1)(i)(A). A "well-founded fear" of persecution does not require that it be "more likely than not" that the applicant will be persecuted—rather, even a ten percent chance of persecution can suffice. *I.N.S. v. Cardoza–Fonseca,* 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). The BIA's opinion here makes no mention of either the "well-founded fear" standard or of 8 C.F.R. § 1208.13, the regulation governing asylum claims. We must therefore conclude that the BIA did not apply the proper standard in assessing the effect of changed country conditions on Singh's asylum claim.

■ Singh also contends that the BIA erred in analyzing the changed country conditions issue because it did not conduct the requisite "individualized analysis of how changed conditions will affect [Singh's] situation...." *Borja v. I.N.S.,* 175 F.3d 732, 738 (9th Cir.1999) (en banc) (internal quotation omitted). We again agree. Although the BIA cited to several passages from a State Department report describing improving conditions in the Punjab, it did not explain the relevance of these passages to Singh's particular situation. While the BIA may rely on statements in State Department reports, it must still "make an[ ] individualized determination whether the changed conditions reported in the Country Report will affect [the applicant's] specific situation." *Mar-*

* The panel unamiously finds this case suitable for decision without oral argument. Fed.

*cos v. Gonzales,* 410 F.3d 1112, 1121 (9th Cir.2005).

Although we agree with Singh that the BIA committed legal error, we decline his invitation to decide his eligibility for asylum ourselves. Instead, we must remand the case to the BIA to allow it to analyze Singh's claims using the correct legal framework. *See Lopez v. Ashcroft,* 366 F.3d 799, 806–07 (9th Cir.2004). Because we vacate the BIA's decision challenged in petition for review No. 03–71608, Singh's motion to reopen that decision is moot and we need not consider his various arguments relating to that motion. *See Moran–Enriquez v. I.N.S.,* 884 F.2d 420, 423 n. 2 (9th Cir.1989).

Petition for review No. 03–71608 is GRANTED. The March 24, 2003, decision of the BIA is therefore VACATED, and the case REMANDED. Petition for review No. 04–76397 is DISMISSED as moot.